ALSOP and Another, Administrators of VERY *v.* WILEY, Administrator of TAYLOR.

In the year 1858, *A.'s* administrator instituted a suit against *B.*, then in life, upon five promissory notes. Pending the suit *B.* died, and the same was revived against his administrators, and judgment taken against them for the amount of the principal and interest of the notes. The administrators of *B.* having resigned, administrators *de bonis non* were appointed, who instituted proceedings to review the judgment, alleging that there existed a valid defense to the notes to the amount of $300; that they had found among the papers of their intestate a receipt for that amount, as a credit on said note, which had not been allowed in taking said judgment; that the said receipt was discovered since the judgment, and since the last term of the Court, and was previously unknown to the plaintiffs. In another paragraph, it was alleged that there was error of law in taking the judgment, in this, that judgment was entered for a larger amount than was claimed in the plaintiff's complaint. On the trial, it was shown that *B.* had appeared to the suit on the notes, in his lifetime, but had pleaded no defense under which the receipt in question could have been given in evidence. On the hearing, the Court ordered a sum equal to the excess of the judgment above the amount demanded in the complaint to be credited thereon, as of the date of the judgment, and found against the plaintiffs as to the credit of $300 claimed.

*Held*, that as there was no evidence tending to show that the receipt had ever been lost or mislaid, it must be inferred that by reasonable diligence it might have been discovered, and the absence of such proof, together with the fact that *B.*, in his lifetime, made no such defense, justified the finding of the Court.

*Held*, also, that the order of the Court modifying the original judgment was in exact conformity with the statute.

Nov. Term, 1861.

APPEAL from the *Floyd* Circuit Court.

DAVISON, J.—This was a proceeding, under the statute, to review a judgment. The appellants were the plaintiffs, and the appellee the defendant. The complaint consists of two counts. The first count alleges these facts: In the year 1855, *Wiley*, as such administrator, instituted a suit in the *Floyd* Circuit Court against *Lawson Very*, then in life, upon five promissory notes. During the pendency of the action, *Lawson Very* died, and the suit was revived and continued against *Gamaliel Garretson* and *Eliza Very*, the administrators of *Very's* estate. At the *October* term, 1856, of said Court, judgment was recovered against the administrators upon the notes, for $4,524.62. Since the rendition of this judgment, the plaintiffs have been appointed administrators *de bonis non* of *Very's* estate. Before, and at the time, the judgment was recovered, there existed a valid defense of $300 to the suit upon the notes, which sum had been paid by *Very*, in his lifetime, to said *Wiley*, as evidenced by a receipt in these words:

"JEFFERSONVILLE, *July* 16, 1855.

"Received of *Lawson Very*, $300, to be credited as interest on notes held by me as administrator of *G. W.* ———, deceased, against said *Very*, and in favor of *G. W. Taylor*.

(Signed) "JOHN F. WILEY."

This receipt was not pleaded as a defense to said suit, and the judgment was obtained for the amount above stated, without any credit for the $300 therein specified. It is averred that the receipt has been discovered since the rendition of said judgment, and since the last term of this Court, and was previously unknown to these plaintiffs; and that this complaint would have been sooner filed, but the plaintiffs hoped that the defendant would credit the $300 on the judgment, which he has utterly refused to do so. The second count charges that *Wiley*, in his complaint on said notes, demanded judgment for only $4,500, while the Court rendered

ALSOP
v.
WILEY.

*Thursday, December* 12.

judgment therein for $4,524.62, exceeding the demand, $24.62. The relief prayed is, that the judgment be reversed, so far as to have entered upon it a credit equal to the amount of the receipt, and the amount over the demand. The complaint is verified by the oath of *James M. Alsop*, one of the plaintiffs.

Proper issues having been made, the cause was submitted to the Court, who, "as to the issue joined upon the first count of the complaint, found for the defendant, and that said first count contained no cause of action; and as to the issue joined upon the second count, the Court found that an error of law did occur, as therein alleged, &c. Plaintiffs moved for a new trial, but their motion was overruled, and judgment was given in accordance with the finding, &c.

The only question to be considered is, could the defendants to the action upon the notes, by reasonable diligence, have discovered the existence of the receipt before judgment was given against them? The Court, sitting as a jury, has, in effect, decided this question; and we are not authorized to disturb that decision, unless the record shows it to be plainly erroneous. The evidence given in this cause is before us. It consists of the receipt, the record of the proceedings in the original action against *Lawson Very*, and the testimony of *Garretson*, one of the administrators, against whom the judgment in that action was rendered. The record in evidence proves that *Very*, after he was sued, and before his death, appeared to the suit and pleaded; but in his pleading set up no defense relative to the receipt, or under which it could have been given in evidence. *Garretson* testified that after he became administrator, and before the judgment was rendered against him and his co-administrator, he examined the papers belonging to *Very's* estate; "that he employed counsel, practising in the Court, to look into the case; that he understood the action was founded on notes against the decedent, *Lawson Very;* that he interposed no defense thereto; and that he never made any examination to see if there was any defense to that action. Upon examining the receipt in this case, witness says that he had never seen or known any thing of it, before the then, term of the Court."

It may be noted that there is no evidence tending to prove that the receipt had been mislaid, or that it was accidentally discovered, in a place where the decedent had not usually kept such papers; and, in the absence of such proof, it may be inferred that while the suit was pending it was in the hands of the administrators, or in a place where, by proper diligence, they could have readily discovered it. And, moreover, the existence of the receipt was obviously known to *Very*, when he pleaded to the action; and having failed to set it up in his pleading, we are allowed to presume that he did not regard it as a valid defense. It seems to us that the case made by the evidence authorized the finding of the Court. But it is argued, "that a new trial having been granted, the whole case was opened, without regard to the particular ground upon which the judgment was opened." This argument is unsustained by the record. The Court, in its final order, simply adjudged that "the judgment mentioned in the complaint should be credited with the sum of $24.62, as of the date of *October* 30, 1856." No new trial is granted, nor is the judgment opened. The judgment in this case is doubtless in exact conformity with the statute, which says: "Upon final hearing" of such review, "the Court may reverse or affirm the judgment, in whole or in part, or modify the same, as the justice of the case may require."

*Per Curiam.*—The judgment is affirmed, with costs.

*J. & A. B. Collins*, for the appellants.

*R. Crawford*, for the appellee.